UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ERICK MILTON JIMENEZ CARRILLO,

                Petitioner,

        -against-

KRISTI NOEM *et al.*,

                Respondents.

-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1259 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On March 12, 2026, Petitioner Erick Milton Jimenez Carrillo ("Petitioner") filed an amended petition for writ of habeas corpus against Respondents Kristi Noem ("Noem"), in her official capacity as Secretary of the U.S. Department of Homeland Security; Pamela Bondi ("Bondi"), in her official capacity as U.S. Attorney General; Todd Lyons ("Lyons"), in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); William P. Joyce, in his official capacity as ICE Acting Field Office Director of New York; and the Warden of the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn") (collectively, "Respondents").[1] *See generally* Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Dkt. 4 ("Amended Petition" or "Am. Pet."). Petitioner seeks his immediate release pursuant to 28 U.S.C. § 2241 and challenges the lawfulness of his ongoing detention by ICE under

---

[1] On March 4, 2026, Petitioner commenced this action against Noem, Bondi, Lyons, and the Warden of the Delaney Hall Detention Facility. *See generally* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. 1 ("Petition" or "Pet."). Because Petitioner at that time represented that he was being detained at the Delaney Hall Detention Facility in Newark, New Jersey, the Court issued a transfer order to the U.S. District Court for the District of New Jersey due to a lack of jurisdiction. *See id.*; Transfer Order, dated Mar. 4, 2026. But before the transfer was effectuated under Local Civil Rule 83.1, Petitioner filed a motion for reconsideration, notifying the Court that he had been transferred to MDC Brooklyn. *See generally* Petitioner's Motion for Reconsideration of Transfer Order, Dkt. 3. That same day, the Court granted the motion for reconsideration, vacated its transfer order, and directed Petitioner to file an amended petition by March 12, 2026. *See* Order, dated Mar. 10, 2016. Further, Respondents acknowledge that Petitioner was, in fact, being held at the MDC Brooklyn at the time he filed his initial Petition. Letter from Respondents to the Court at 2-3 (Mar. 16, 2026), Dkt. 9. Respondents therefore do not challenge this Court's jurisdiction. *Id.* at 3.

the Immigration and Nationality Act, the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"), and the First Amendment of the U.S. Constitution. *Id.* ¶¶ 78-105. Petitioner was arrested by ICE on February 27, 2026, and is currently detained at MDC Brooklyn. *Id.* ¶¶ 54-59.

For the following reasons, Petitioner's request for release from custody is granted, and Respondents are ordered to immediately release Petitioner from custody.

## BACKGROUND[2]

Petitioner is a citizen of Guatemala who entered the United States without inspection on or around September 28, 2017. Am. Pet. ¶ 50. Since his arrival, Petitioner has continuously resided in Queens, New York, "where he has maintained steady employment, and developed strong family and community ties." *Id.* ¶ 51.

On February 27, 2026, at some time around 5:00 or 6:00 a.m., Petitioner was approached by several ICE officers while "placing personal belongings in his vehicle before leaving for work," outside his home in Queens. *Id.* ¶ 54; Declaration of Mayra Pardo-Figueroa ¶ 4, Dkt. 9-1 ("Pardo-Figueroa Decl."). ICE officers were conducting "a targeted enforcement action" and were "searching for another individual." Pardo-Figueroa Decl. ¶ 4. They "showed him a photograph of [that] individual, . . . asked whether he recognized the person[, and] Petitioner informed the officers that he did not. Additional officers arrived, surrounded him, and informed Petitioner that he was being taken into custody." Am. Pet. ¶ 55. They issued him "a Form I-200, Warrant for Arrest of Alien," and "pursuant to said warrant, . . . placed him under arrest without incident." Pardo-Figueroa Decl. ¶ 4. Petitioner was then taken to 26 Federal Plaza, New York, New York, where he was processed and given a Form I-862, Notice to Appear, charging him as a noncitizen present without admission or parole and initiating removal proceedings against him. Am. Pet.

---

[2] The facts of this case are undisputed unless otherwise indicated.

¶¶ 57-58; Pardo-Figueroa Decl. ¶ 5.  After his arrest, Petitioner was transferred across several facilities, including Delaney Hall Detention Facility in Newark, New Jersey, before being placed in MDC Brooklyn, where he remains detained today.  Am. Pet. ¶ 59; Pardo-Figueroa Decl. ¶¶ 7-8.

Prior to this arrest, Petitioner "had never been arrested by immigration authorities, had never been placed in removal proceedings, and ha[d] no criminal history."  Am. Pet. ¶ 52.

## DISCUSSION

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("§ 1226") or 8 U.S.C. § 1225 ("§ 1225") and (2) whether Petitioner's Fifth Amendment due process rights have been violated.

### A. Statutory Basis for Petitioner's Detention

The Court is bound by a long line of U.S. Supreme Court precedent.  *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings).  Thus, the Court's position on whether § 1226 or § 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently.  *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira Caceres v.*

*Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Peralta Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026); *Monge-Campos v. Bondi*, 26-CV-1056 (OEM), 2026 WL 603516 (E.D.N.Y. Mar. 4, 2026); *Gonzalez Guardado v. Maldonado*, 26-CV-1170 (OEM), 2026 WL 670156 (E.D.N.Y. Mar. 10, 2026); *Vasquez-Lopez v. Bondi*, 26-CV-1369 (OEM), 2026 WL 710088 (E.D.N.Y. Mar. 13, 2026).

The Court is not persuaded by the authorities provided by Respondents, and the parties agree that there are no distinguishing facts as to Petitioner in this case. Am. Pet. ¶¶ 50-64; Letter from Respondents to the Court at 1-2 (Mar. 16, 2026), Dkt. 9 ("Opposition" or "Opp'n"). Therefore, this Court joins the majority of courts in finding that detention of the nature at issue here cannot be upheld under § 1225. *See Barco Mercado v. Francis*, 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases). Mandatory detention under § 1225 is inapplicable to Petitioner, and he is subject to discretionary detention under § 1226. *See J.U.*, 805 F. Supp. 3d, at 490 (noting the mutual exclusivity of § 1225 and § 1226).

### B. Due Process

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value,

if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews test*, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain Petitioner on February 27, 2026. *See* Am. Pet. ¶ 60; Opp'n at 1-2. Respondents present no articulable facts as to why Petitioner is dangerous or a flight risk. *See* Opp'n at 1-2. Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty interest, and the risk of erroneous deprivation of that interest is high. *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*, 18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 § U.S.C. 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690). Here,

however, there is nothing in the record to suggest that Petitioner is a flight risk or a danger to the community. *See* Am. Pet. ¶ 60; Opp'n at 1-2. Rather, the record indicates that Petitioner has lived in the United States for approximately nine years without incident. Am. Pet. ¶¶ 50-52. Therefore, Respondents have failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights. *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15. Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of relief and the most appropriate remedy. *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15.[3]

## CONCLUSION

For the foregoing reasons, Petitioner's request for immediate release from custody is granted. Respondents are ordered to immediately release Petitioner from custody. By March 18, 2026, Respondents shall certify compliance with this order by filing on the docket and noting specifically that Petitioner has been released.

The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

March 17, 2026
Brooklyn, New York

---

[3] Because the Court determines that Petitioner's detention violates his due process rights, it need not address his remaining claims. *See, e.g.*, *Valdez*, 803 F. Supp. 3d at 217 n.4 (declining to address remaining claims after determining that the petitioner's detention violated due process).